# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 31, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA B.**
**Respondent Below, Petitioner**

**v.) No. 26-ICA-64**    (Fam. Ct. Summers Cnty. Case No. FC-45-2023-D-14)

**BRANDON T.,**
**Petitioner Below, Respondent**

**And**

**WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES,**
**BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina B.[1] ("Mother") appeals the Family Court of Summers County's January 20, 2026, Final Custody and Child Support Order Following November 20, 2025, Hearing. Respondent Brandon T. ("Father") did not participate in the appeal. The Bureau for Child Support Enforcement ("BCSE") filed a response opposing the family court's ruling regarding child support. Mother did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there was error, but no substantial question of law. For these reasons, a memorandum decision affirming, in part, and reversing, in part, the family court's order entered January 20, 2026, is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.[3]

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented. BSCE is represented by Jennifer K. Akers, Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent fails to participate on appeal to support the order.

The parties were never married and share one child. On March 1, 2023, Mother filed for a temporary emergency protection order against Father in the Summers County Magistrate Court. The matter was scheduled for a final hearing in family court for March 9, 2023. On March 6, 2023, Father filed a Petition for Custodial Allocation. Mother dropped her protection order petition and the parties agreed to a custodial allocation, which was contained in the court's Final Custody Order entered on May 5, 2023. That order also set a child support obligation of $400.00 per month, beginning May 1, 2023, that Father was to pay directly to Mother.

Father filed a Petition for Modification of Child Support on June 22, 2023, however, before Father's petition came before the court for a hearing, Father filed a letter to the judge requesting to withdraw his petition. In his letter, Father stated that the parties came to an agreement on their own to lower Father's child support obligation to $150.00 per month. The family court did not take action to modify the previously ordered child support amount, and the parties only had an out-of-court agreement that Mother would accept the lower amount.

Mother filed multiple Petitions for Contempt against Father between December 2024 and October 2025, and a Petition for Modification in February 2025. In April 2025, the family court appointed a guardian ad litem for the minor child. The family court then held a temporary hearing in July 2025. Following the July 2025 hearing, Mother filed two of her Petitions for Contempt, one on September 2, 2025, and one on October 28, 2025. Mother's September 2025, contempt petition alleges that Father violated the May 2023 order by not allowing Mother her scheduled parenting time on July 4, 2025, and instead, Father was out of state with the child for several days surrounding the holiday. Mother also claimed that Father was $2,400.00 in arrears on his child support obligation. Mother's October 2025 contempt petition alleges that Father again withheld the child from Mother during her scheduled parenting time when Mother was in the hospital having a medical procedure. Mother claimed that Father refused to allow her father (the child's grandfather) to pick up the child at the beginning of Mother's scheduled parenting time.

The family court held a final hearing on November 20, 2025, however, it is unclear from the resulting order which matters were before the family court, as there were multiple filings that were without resolution. At the hearing, the family court heard testimony from the guardian ad litem, the child's counselor, and the parties. The family court entered its Final Custody and Child Support Order Following November 20, 2025, Hearing on January 20, 2026, and made findings of fact and conclusions of law including that: (1) "[t]he guardian ad litem testified that there has been no substantial change of circumstances and that both parents are fit and proper parents"; (2) "[Father] is admonished and directed to follow the order"; (3) "[t]he Court finds and the parties' agree that the parties had an agreement to change child support to $150.00 starting July 7, 2023, to present"; and (4) "[t]he Court directs the BCSE to recalculate the child support arrearages based upon the findings and rulings of this hearing." It is from this order that Mother now appeals.

2

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts five assignments of error.[4] Because her assignments of error are similar, we will consolidate and restate them for clarity and efficiency. First, Mother argues that the family court erred and abused its discretion by not finding Father in contempt for Father's failure to return the child to Mother for Mother's parenting time on two occasions. We find no error in the family court's decision.

Pursuant to West Virginia Code § 48-9-501(a) (2001), a family court can enforce a parenting plan and order remedies when "the court finds a parent intentionally and without good cause violated a provision of the court-ordered parenting plan." In this case, the family court did not make findings that Father "intentionally and without good cause" violated the parenting plan. Instead, the family court admonished Father and directed him to "follow the order" while also putting in place a more structured and detailed parenting plan in an effort to avoid future issues. The family court's decision to not find Father in contempt is entitled to significant deference. *See Amanda A. v. Kevin T.,* 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013) ("Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently.").

"In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). Further, "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will

---

[4] In the Conclusion of Mother's brief, Mother requests that she "be appointed as primary custodial parent for making decisions." However, Mother did not address this as an assignment of error, or in the Argument section of her brief, as to how this was an error of the family court. Because Mother did not argue this as error, we decline to address it as such.

not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). Given such a standard, we do not find that the family court abused its discretion when it chose not to hold Father in contempt.

Next, Mother claims that the family court erred by accepting the parties' out-of-court agreement that reduced Father's child support obligation from $400.00 to $150.00 per month. Mother argues that Father should be responsible for arrearages on the original court-ordered child support amount of $400.00 per month. The BSCE also argues that the family court exceeded its authority by retroactively modifying the child support obligation that the family court previously established. We agree.

The Supreme Court of Appeals of West Virginia ("SCAWV") limited the family court's authority to prospective modifications of child support when it held that "[t]he authority of a family court to modify a … child support award is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued … child support installments." Syl. Pt. 2, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Moreover, Rule 23 of the Rules of Practice and Procedure for Family Court provides that "[e]xcept for good cause shown, orders granting relief in the form of spousal support or child support shall make relief retroactive to the date of service of the motion for relief." Additionally, the SCAWV held that "[t]he duty of a parent to support a child is a basic duty owed by the parent to the child, and a parent cannot waive or contract away the child's right to support." Syl. Pt. 3, *Wyatt v. Wyatt*, 185 W. Va. 472, 408 S.E.2d 51 (1991). This Court finds that the court committed error by accepting the out-of-court agreement and reducing Father's child support obligation retroactively. The court was only authorized to prospectively modify Father's child support obligation, and by not doing so, the family court acted outside its authority.[5] Therefore, the family court's retroactive modification of Father's child support obligation is reversed, and the family court is directed to enter an order that calculates Father's arrearages that is consistent with the previously court-ordered child support amount of $400.00 per month.

Accordingly, we affirm, in part, reverse, in part, and remand the Summers County Family Court's January 20, 2026, Final Custody and Child Support Order Following November 20, 2025, Hearing. The family court is instructed to issue a new order on the issue of child support that is consistent with this decision.

---

[5] Per Rule 23 of the Rules of Practice and Procedure for Family Court, the family court shall make relief retroactive to the date the petition to modify child support is served. Here, Father filed a petition to modify child support with the family court, but subsequently requested to withdraw the motion, which was granted. Thus, there was no pending petition to modify child support and it was improper to retroactively modify the child support obligation.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** July 31, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White